IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TARA LASHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON GRIMES, *et al.*,<br><br>　　　　Defendants. | Case No. 22-cv-00098-DKW-KJM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On March 12, 2022, Plaintiff Tara Lasham, proceeding pro se, filed a Complaint against various defendants and a motion for temporary restraining order and preliminary injunction. Dkt. Nos. 1, 6. Lasham has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

**The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Lasham has not submitted an affidavit demonstrating an inability to pay or, in fact, any information related to her financial circumstances. Instead, Lasham asserts that she should not have to pay the filing fee for this action because doing so will "create[] a disposition of being the loser before the outcome is determined." Dkt. No. 3 at 2. According to Lasham, this is so because "fees are charged to the loser." *Id*. She also argues that she has a right of access to the courts under the U.S. Constitution. *Id*.

Lasham misconstrues the filing fee she must pay. Fees that may be charged to the "loser" of a civil action are those fees incurred by the opposing party. By contrast, the filing fee that Lasham must pay, absent a showing of indigency, is a fee designed to cover costs incurred *by the Court* in processing and opening this action that Lasham decided to pursue. In other words, the filing fee does not "create[] a disposition of being the loser," as Lasham contends. It merely represents the charge that all non-indigent plaintiffs must pay when initiating a proceeding. The filing fee also does not violate the Constitutional right to access

the courts. As the Ninth Circuit has explained, in the civil context, the Constitution "only requires waiver of filing fees in a narrow category of cases" and where the waiver is for "indigent persons…." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). Here, as mentioned, Lasham has not even attempted to show that she is an indigent person. Therefore, because the Court cannot assess whether Lasham is entitled to proceed without prepaying fees or costs, the IFP Application, Dkt. No. 3, is DENIED without prejudice.

Should Lasham decide to continue with this action without paying the filing fee, she must file an application to proceed in district court without prepaying fees or costs, a blank copy of which the Court will mail to her. In completing the application, Lasham must answer <u>all</u> questions on the form.

Lasham may have until **March 31, 2022** to file an application to proceed in district court without prepaying fees or costs. **The failure to timely file a complete application or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of the Complaint.** Further, the Court will take no action on the motion for temporary restraining order and preliminary injunction, Dkt. No. 6, until a complete application to proceed in district court without prepaying fees or costs has been filed or the filing fee has been paid.

The Clerk of Court is DIRECTED to mail Lasham a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: March 17, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Lasham v. Grimes, et al.*; Case No. 22-cv-00098-DKW-KJM; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**