IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TARA LASHAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON GRIMES,<br>GERALD W. SCATENA,<br>BRUCE LARSON, *et al.*,<br><br>　　　　Defendants. | Case No. 22-cv-00098-DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, (2) DENYING MOTION FOR LEAVE TO AMEND PLEADINGS, (3) DENYING AS MOOT MOTIONS FOR T.R.O. AND PRELIMINARY INJUNCTIVE RELIEF, AND (4) DISMISSING CASE WITHOUT LEAVE TO AMEND** |

Plaintiff Tara Lasham seeks, among other things, an order from this Court enjoining enforcement of a decision by the Family Court of the Third Circuit for the State of Hawaiʻi–a decision that Plaintiff alleges would require her to "relinquish her role as Trustee" of her daughter. Binding case law, however, prohibits this Court from so interfering in Lasham's ongoing state family court proceeding or providing any of the other relief she requests in this case, all of which concerns said proceeding. Therefore, the motions to dismiss filed by Defendants are GRANTED, and this case is DISMISSED, as more fully set forth below. Further, dismissal is WITHOUT LEAVE TO AMEND because, although Plaintiff has filed a motion for leave to amend her Complaint and is proceeding pro se, no amendment can cure Lasham's attempt to circumvent her state family court proceeding. As a result,

Plaintiff's motion for leave to amend is DENIED, and her motions for injunctive relief are DENIED AS MOOT.

## PROCEDURAL BACKGROUND

On March 12, 2022, Plaintiff initiated this lawsuit with the filing of, among other things, a Complaint and a motion for temporary restraining order and preliminary injunctive relief ("TRO Motion"). Dkt. Nos. 1, 6.[1] The Complaint names Jason Grimes, Gerald Scatena, Bruce Larson, and the State of Hawai'i as Defendants (collectively, "Defendants"). Although not delineating any specific claim, the Complaint seeks the following: (1) an injunction against the execution of a February 14, 2022 order ("the February 14, 2022 Order") of the Family Court of the Third Circuit for the State of Hawai'i ("Family Court");[2] (2) a declaration regarding the "rights, status, capacity and legal relations" between Plaintiff, her estate, and the defendants in a Family Court proceeding referred to as "Case No. FC-P 17-1-098K" ("the Family Court Proceeding"); (3) a declaration recognizing Plaintiff's daughter, who is referred to by the initials "S.H.L.G.", as an "autonomous individual with the rights to choose to participate in whatever medical or health protocols she consents to when she reaches the age of majority"; (4) in the absence

---

[1] Plaintiff also filed an application to proceed without prepaying fees or costs, Dkt. No. 3, which the Court denied on March 17, 2022 for failure to provide necessary financial information, Dkt. No. 10. On the same day, after the Court's order, Lasham paid the filing fee in full. Dkt. No. 11.
[2] The February 14, 2022 Order is attached to the Complaint as an exhibit. Dkt. No. 1-2.

2

of "scientific evidence" to the contrary, an injunction prohibiting S.H.L.G.'s father from performing "COVID-19 Experimental protocols" on S.H.L.G.; and (5) declarations on a variety of matters concerning, among other things, Plaintiff's relationship with her daughter and the State of Hawai'i.

On April 11, 2022, the Court received the first of four motions to dismiss−one from each defendant. The first, filed pro se by Grimes, seeks dismissal on the basis that this Court lacks jurisdiction to overturn decisions of the Family Court. Dkt. No. 23 at 1-2. Among other things, in his motion to dismiss, Grimes asserts that he is the father of S.H.L.G.−a fact supported by the Complaint. *Id*. at 2-3; Dkt. No. 1 at ¶ 36. On April 13, 2022, the State of Hawai'i filed the second motion to dismiss, moving for dismissal on various grounds, including sovereign immunity and the *Rooker-Feldman* doctrine.[3] Dkt. No. 27. On April 19, 2022, Larson filed the third motion to dismiss, arguing that Plaintiff's claims against him are barred by judicial immunity and/or this Court should abstain from deciding the claims pursuant to the *Younger* abstention doctrine.[4] Dkt. No. 33.[5] Finally, on April 22, 2022, Scatena filed the fourth motion to dismiss, seeking dismissal based upon the doctrine of forum non conveniens and/or certain abstention doctrines. Dkt. No. 36.

---

[3] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).
[4] *Younger v. Harris*, 401 U.S. 37 (1971).
[5] According to the Complaint, Larson is the judge of the Family Court who entered the February 14, 2022 Order. Dkt. No. 1 at ¶¶ 19, 31.

3

Plaintiff has filed responses to two of the four motions to dismiss: Grimes' and the State of Hawaiʻi's motions, Dkt. Nos. 28, 37, but has not responded to the others within the time permitted by rule. *See* Dkt. Nos. 35, 43; LR7.2.[6] Plaintiff has also filed a second motion for injunctive relief, this one characterized as an "Ex Parte Emergency Motion for T.R.O." ("the Second TRO Motion" and, with the TRO Motion", "the TRO Motions"). Dkt. No. 25.

On April 24 and 25, 2022, the State of Hawaiʻi, Grimes, and Larson filed responses to the TRO Motions. Dkt. Nos. 38-39, 42. Grimes has also filed memoranda in support of the State of Hawaiʻi's and Larson's motions to dismiss. Dkt. Nos. 40-41.

On April 28, 2022, Lasham filed a motion for leave to amend her pleadings. Dkt. No. 45.

This Order now follows with respect to all pending motions.

## STANDARD OF REVIEW

**I.      Federal Rule of Civil Procedure 12(b)(1)**

A challenge to the Court's subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). Fed.R.Civ.P. 12(b)(1). When presented with such a challenge, "the district court is ordinarily free to hear evidence regarding

---

[6]Optional replies in support of the TRO Motions and the motions to dismiss have also not been filed by the deadlines set.

4

jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## II.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."  *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

### III. Pro Se Status

Because Lasham is proceeding pro se, the Court liberally construes the Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

Before addressing the substantive merits of the TRO Motions or whether Plaintiff's Complaint states a claim for relief, the Court must first be satisfied that subject matter jurisdiction exists in this case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that subject matter jurisdiction "involves a court's power to hear a case" and a court has an independent obligation to determine

whether such jurisdiction exists) (quotation and citation omitted); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir. 1990) (affirming a district court's decision to dissolve a temporary restraining order when the court lacked subject matter jurisdiction); *Zepeda v. U.S. Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim…."); *Wielgos v. Idaho Bd. of Land Comm'rs*, 2016 WL 3640609, at *3 (D. Idaho June 29, 2016) ("Clearly, a district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the case before it.").

In the motions to dismiss, Defendants raise at least two jurisdictional arguments: (1) *Rooker-Feldman*; and (2) *Younger*.  See *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) ("The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (stating that the Supreme Court has treated *Younger* abstention "as jurisdictional.").  As more fully discussed below, Ninth Circuit case law indicates that *Younger* is the more relevant doctrine under the facts presented here.

7

In *H.C. v. Koppel*, 203 F.3d 610, 611 (9th Cir. 2000), the Ninth Circuit was faced with a lawsuit concerning a "bitter custody dispute" in state court. The plaintiff in said action, after custody to her child had been placed with the child's father, sought an injunction in federal court vacating certain state court orders and barring the state court from interfering with the plaintiff's custody of the child. *Id*. at 611-612. The district court dismissed the action on the basis of *Rooker-Feldman*. *Id*. at 612. On appeal, the Ninth Circuit concluded that *Rooker-Feldman* should not have been applied because the state court proceeding the plaintiff challenged was ongoing and, thus, a final state judgment had not been entered. *Id*. at 612-613. Nonetheless, the Ninth Circuit affirmed the dismissal of the action because the *Younger* abstention doctrine applied. More specifically, the Ninth Circuit concluded that the state court proceeding (1) was ongoing, (2) implicated important state interests−namely, domestic relations and protecting the authority of the state judicial system, and (3) provided the plaintiff with an adequate opportunity to litigate federal claims. *Id*. at 613. The Ninth Circuit, therefore, concluded that "[t]his is precisely the type of case situated to *Younger* abstention." *Id*.

The situation here is essentially identical to the one in *H.C.* First, the Complaint, and the February 14, 2022 Order attached thereto, demonstrate that the Family Court Proceeding is ongoing. Notably, the February 14, 2022 Order

8

reflects that it concerns only *temporary* custody of S.H.L.G. pending a later decree of the Family Court. *See* Dkt. No. 1-2. Moreover, Plaintiff's request for injunctive relief in the Complaint envisions S.H.L.G.'s custody being "resolved by a Trial on the merits." Dkt. No. 1 at ¶ 190. Second, this case implicates the same important state interests as *H.C.*: (1) domestic relations, which the Ninth Circuit described as being "special[ly]" within a state court's expertise and experience; and (2) protecting the authority of the state judicial system, which would be threatened by any order of this Court enjoining the Family Court from exercising its authority with respect to S.H.L.G. Third, to the extent the Complaint can be construed as raising a federal claim, which is far from clear, Plaintiff has not shown that the state court system, including appeals of any orders to which she objects, is an inadequate forum to assert any such claim. Nor could she, given that the February 14, 2022 Order reflects (and the Complaint alleges) that Lasham attended and made arguments at the hearing concerning said order and was informed of her right to appeal the order (through the state courts). Dkt. No. 1 at ¶ 104; Dkt. No. 1-2 at 1. In this light, the Court finds *H.C.* and, thus, *Younger* applicable here.[7]

---

[7]In his motion to dismiss, Larson observes that, recently, the Supreme Court has explained that the *Younger* abstention doctrine is limited to (1) ongoing state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Dkt. No. 33-1 at 11-12 (citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). To the extent this guidance from the Supreme Court alters the *Younger* analysis, as Larson suggests, this Court does

As a result, this case must be dismissed. In addition, although Lasham is proceeding pro se and has filed a motion for leave to amend, dismissal is without leave to amend. This is because no amendment could cure the application of *Younger* to this case. In other words, no amendment could cure the fact that the Family Court Proceeding is ongoing, it involves important state interests, and Plaintiff has an adequate opportunity to litigate any federal claims she may have in state court. Therefore, because the entire Complaint concerns the Family Court Proceeding, generally, and the February 14, 2022 Order, specifically, dismissal without leave to amend is appropriate. This much is demonstrated by the motion for leave to amend. Notably, therein, Plaintiff essentially asks this Court to use the original Complaint as a placeholder so that she can "uncover[] potential new evidence" over the next 90 days. *See* Dkt. No. 45 at 1. Plaintiff cannot use her original and deficient Complaint as a placeholder, however. *See Fuentes v. Reconstruct Co.*, 2009 WL 10672002, at *3 (S.D. Cal. Mar. 18, 2009) (dismissing a complaint because the plaintiffs could not "file suit alleging claims that lack any factual basis in the hopes that the facts supporting the claims will surface after

---

not find the end-result here to be any different. Notably, the Family Court Proceeding, and the February 14, 2022 Order, fall squarely into the third category identified in *Sprint* as "uniquely in furtherance of the state courts' ability to perform their judicial functions." Specifically, the Family Court would not be able to perform its function as a family court if this Court could enjoin it from exercising authority over S.H.L.G., as Plaintiff desires. *See H.C.*, 203 F.3d at 613 ("a state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory.").

discovery commences."). Moreover, she cannot use this case, which concerns enjoining the February 14, 2022 Order and, more generally, the authority of the Family Court, to manufacture an entirely new case, which she contends concerns an alleged "fraud", against (at least some) new unidentified defendants. *See* Dkt. No. 45 at 2.[8] Dismissal, however, is without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (quotation and ellipsis omitted); *Wasson v. Riverside Cty.*, 234 F. App'x 529, 530 (9th Cir. Jun. 11, 2007) (stating that a district court should have dismissed claims pursuant to *Younger* without prejudice).

## CONCLUSION

For the reasons set forth herein, the motions to dismiss, Dkt. Nos. 23, 27, 33, 36, are GRANTED to the extent that Plaintiff's claims are dismissed pursuant to *Younger* without prejudice and without leave to amend.[9]

Plaintiff's motion for leave to amend, Dkt. No. 45, is DENIED.

---

[8] To the extent Plaintiff wishes to file any such fraud-based case, she must start afresh by initiating a new lawsuit or, to the extent the alleged "fraud" concerns a matter related to the Family Court Proceeding, she should raise the matter with the Family Court, which Plaintiff appears to suggest she has already done. *See* Dkt. No. 45 at 2; Dkt. No. 45-1.

[9] Because Plaintiff's claims are subject to dismissal pursuant to *Younger*, the Court need not (and does not) address any other ground for dismissal that may be raised in the motions to dismiss.

11

Because Plaintiff's claims are subject to dismissal without leave to amend, her motions for injunctive relief, Dkt. Nos. 6, 25, are DENIED AS MOOT.

The Clerk is instructed to enter Judgment in favor of all Defendants pursuant to this Order and then close this case.

IT IS SO ORDERED.

DATED: May 13, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge